**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MELYNDA MICHELLE FISHER** | § | |
| | § | |
| **v.** | § | **NO. 1:18-cv-1108-RP** |
| | § | |
| **SETON FAMILY OF HOSPITALS** | § | |

<u>**ORDER**</u>

Before the Court is Defendant's Motion to Compel (Dkt. No. 20); Plaintiff's Response (Dkt. No. 21); and Defendant's Reply (Dkt. No. 22). The District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

Melynda Fisher brought this suit against Seton Family of Hospitals, alleging that Seton terminated her employment because she took leave under the Family and Medical Leave Act ("FMLA") and because of her association with a person with a disability, her mother. Fisher contends that Seton's actions violated the FMLA, the Americans with Disabilities Act ("ADA"), and the Texas Commission on Human Rights Act ("TCHRA"). Fisher seeks compensatory, liquidated, and punitive damages, including lost wages, lost benefits, back pay, front pay, lost earning capacity in the past and future, emotional pain and suffering, inconvenience, mental anguish, and other damages, as well as her reasonable and necessary attorneys' fees.

In the present motion, Seton asserts that Fisher has failed to adequately respond to its discovery requests. Dkt. No. 20. Fisher reports that after Seton's Motion was filed she produced amended responses and documents which she believes resolve the majority of the issues raised in

the Motion.[1]  Dkt. No. 21.  Seton's Reply indicates that despite the amended responses, Fisher still has not provided complete responses to Interrogatory No. 3, Request No. 25, and Request No. 28. Dkt. No. 22.

## II.  LEGAL STANDARD

The scope of discovery is broad.  *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).  Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  FED. R. CIV. P. 26(b)(1).  "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'"  *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).  A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action.  FED. R. CIV. P. 37(a).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections."  *Hobbs v. Petroplex Pipe & Constr., Inc., No.*, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and*

---

[1] Fisher reports that she produced amended responses and documents five days after Seton filed its Motion.  Dkt. No. 21.

*Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

## III.  ANALYSIS

### A.      Interrogatory No. 3[2]

Interrogatory No. 3 asks for the amount of recovery or calculations for the damages Fisher alleges in this lawsuit.  Dkt. No. 22 at 1-2.  In her amended response to Interrogatory No. 3, Fisher provides:

> The categories of damages sought by Plaintiff are set forth in Plaintiff's Complaint. Plaintiff seeks lost wages in the amount of $18,000, which constitute the amount Ms. Fisher would have earned working at Seton until she was hired by Texas Orthopedics.
>
> Plaintiff seeks compensation for emotional distress and punitive damages in amounts to be determined by a jury. Plaintiff also seeks liquidated damages in an amount equal to her lost wages. Plaintiff also seeks attorney's fees, but because the statutes under which this case is brought are fee-shifting statutes, does not consider her attorney's fees an element of damages or injuries. Plaintiff's attorney's fees are continuing to accrue.

Dkt. No. 22 at 2.

---

[2] "Identify all types of damages or injuries of any kind or character you allege to have suffered and are seeking relief from or compensation for in this Lawsuit. In answering this interrogatory, you should identify: (a) The type of damage or injury alleged (i.e., front pay, back pay, benefits, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, punitive damages, medical bills, interest, attorney's fees); (b) The amount of recovery sought for any specific type of damage or injury alleged; and (c) The method by which each amount of recovery sought was calculated."

As mentioned above, Fisher states she seeks the following damages in this case: compensatory and punitive damages, liquidated damages, past and future lost wages and benefits, interest on back pay and front pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment in life, injury to professional standing, injury to character and reputation, and attorneys' fees. Pursuant to Rule 26(a)(1)(A)(iii), a party is required to disclose "a computation of any category of damages claimed . . . making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." Seton argues that Fisher has failed to fully respond to Interrogatory No. 3 because her amended response "fails to address even half of the damages alleged in the Complaint." *Id.*

The Court disagrees. Case law is clear that a plaintiff is not obligated to provide a calculation of damages sought for mental anguish or emotional pain and suffering. *See Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."). Similarly, a plaintiff is not expected to produce a calculation of punitive damages. *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386-87 (E.D. Tex.1997) (refusing to compel a computation of punitive damages until discovery indicates that punitive damages are in controversy and that enough information is available so that plaintiffs may make a reasonable calculation). Fisher's interrogatory response indicates that she is seeking $18,000 for past and future lost wages and benefits, and the same amount for liquidated damages. She is not required to state specifically the amount of attorney's fees she is seeking, as that is not considered a part of her damages. As noted, she is also

4

not required to state an amount for either punitive damages or mental anguish (what she pleads as "emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment in life, injury to professional standing, injury to character and reputation").

That leaves "compensatory damages" and "interest on back pay and front pay." Title VII defines "compensatory damages" as damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3). *See also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1045-46 (5th Cir. 1998). As noted above, Fisher is not required to state a specific amount for these damages. Finally, pre-judgment interest is set by statute, and depends on the date that a judgment is entered, and is not something a plaintiff need include in a computation of the damages they are requesting.

Because Fisher's response to the interrogatory is sufficient, the Court will **DENY** Seton's motion on this point.

### B.       Request No. 25[3]

Request for Production No. 25 seeks authorization to obtain Fisher's tax records from 2015 to the present. Dkt. No. 22 at 3. Seton asserts that Fisher's response is incomplete because Fisher has failed to provide authorization for her 2019 tax records. *Id.* Fisher's suit seeks lost wages and benefits, past and future; therefore, information pertaining to her income and earning capacity is relevant. Moreover, Fisher's amended responses indicate that she does not object to Request No.

---

[3] "Your complete state and federal income tax returns and W-2 and 1099 forms, whether filed singularly or jointly with any other person, including all schedules and exhibits attached thereto, for the years 2015 through the present. Alternatively, please produce an executed Request for Copy of Tax Return (attached for your convenience)."

25. *See* Dkt. No. 21-1.  Accordingly, Fisher is **ORDERED** to supplement her response to Request

No. 25 and produce her tax returns for 2019 or an executed authorization for her 2019 tax records.

### C.      Request No. 28[4]

Finally, Request No. 28 requests executed employment records authorizations for Fisher's

prior employers and her current employer.  Seton seeks an order compelling release of, among other

things, (1) Fisher's employment applications; (2) her attendance records; (3) performance reviews;

(4) payroll records; and (5) records related to the reasons for her termination, if any.  Dkt. No. 22 at

3.  Fisher objects to Request No. 28, arguing that it is overly broad and not relevant to the subject

matter in the pending suit.  Dkt. No. 20-10 at p. 10; Dkt. No. 21.  She further objects on the grounds

that the request "threatens the relationship between Plaintiff and her current employer."  *Id.*

Seton offers four broad bases for its request for these records.  First, it notes that "Fisher

testified at length about her employment history," and that "[w]ithout these records, Defendant will

be unable to confirm or deny Fisher's narrative for purposes of impeachment." Dkt. No. 22 at 3. Yet

Seton fails to explain why events taking place during Fisher's prior employment would be relevant

to her claims in this lawsuit.  The vague reference to Fisher testifying about her employment history

does not help, as it may be—indeed, is likely to be—that the referenced testimony was in response

to questions *Seton* posed at Fisher's deposition.  The fact that Seton may have asked about these

matters in a a deposition does not make them relevant or admissible at trial.  On the other hand, if

Seton can identify a specific instance or event involving a prior employer that is relevant to Fisher's

claims here, then records relating to that event would be discoverable.  Seton does not offer any such

---

[4] "Please produce an executed Authorization for Release of Employment Records (attached
for your convenience)."

example, but instead appears to be seeking a blanket review of all of Fisher's prior employment records through this argument. For the reasons stated, the explanation does not support the broad, categorical production sought.

Next, Seton contends that the "records will allow Seton to investigate Fisher's mitigation efforts with any other entity with which she claims to have sought employment." Dkt. No. 22 at 4. There is no question that Seton is entitled to conduct discovery on whether Fisher properly mitigated her damages. But this would only allow discovery regarding Fisher's attempts to obtain employment between the date she was terminated from Seton and when she commenced employment with Texas Orthopedics, or from November, 2017, to March 2018. As she notes in her response, Fisher "is not seeking lost wages for any period during which she was employed following the termination of her employment." Dkt. No. 21 at 2. Thus, this rationale cannot justify seeking records from any of Fisher's post-Seton employers. At most, it would allow Seton to discover records to demonstrate whether Fisher diligently sought employment after her termination. Thus, of the categories of documents Seton's motion addresses, the mitigation rationale only supports obtaining documents from the first category: applications for employment Fisher submitted, and then only from November 2017 to March 2018.

Seton's third rationale for the employment records is that Fisher "testified during her deposition that her other separations were related to caring for her mother, and she was not necessarily treated 'fairly' at Evins Medical Staffing. Moreover, because she cared for her mother in these other positions, the employers may have permitted her to use FMLA benefits—all of which is relevant to the underlying claims of this lawsuit." Dkt. No. 22 at 4. First, this rationale is only relevant to the request for post-Seton employment records, and cannot support obtaining records

from Fisher's previous employers. But as to the subsequent employers, records related to any requests Fisher made for leave or other absences relating to the care of her mother are potentially relevant to Fisher's suit. Seton attaches deposition testimony in which Fisher admits that she was terminated by Texas Orthopedics because she was missing too much work to care for her mother. Dkt. No. 22-1 at 3. Similarly, the testimony shows that conflicts between her need to assist her mother and next employer, Evins Medical Staffing led Fisher to resign employment there. *Id.* at 4-6. Accordingly, Seton is entitled to obtain attendance records, performance reviews, and records stating the reasons for her separation from these two employers.[5]

Finally, Seton contends that the "employment records also are relevant to Fisher's request for reinstatement. Without these records, Seton cannot even ascertain whether Fisher is qualified to return to Seton." Dkt. No. 22 at 4. Once again, this explanation can only apply to post-termination employers. Unfortunately, Seton fails to elaborate on what it means here. It is not at all clear what Seton believes might be reflected in these records that would disqualify Fisher from returning to her prior position at Seton. Again, this rationale cannot support the very broad scope of documents Seton seeks from these employers. As with the first rationale discussed above, if Seton had specified the type of document it seeks under this theory it might entitle it to obtain *those* records. But it has not done so, and, as with the first item discussed, this justification cannot support the very broad request Seton has made.

In summary, the Court will deny the majority of what Seton has requested through Request No. 28. Though Seton has failed to provide a justification here for the broad scope of records

---

[5]The Court will leave it to the parties to work out the logistics of obtaining such records, whether that be through Fisher obtaining them herself, providing Seton with a release, or otherwise arranging for the records to be produced to Seton.

covered by this request, nothing in this order is intended to preclude Seton from making more targeted requests of Fisher, as mentioned in the discussion, if it has the basis to do so.

## IV. CONCLUSION

Accordingly, Defendant Seton Family of Hospitals' Motion to Compel (Dkt. No. 20) is hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **ORDERS** the following:

• Fisher shall produce her tax return, or an authorization for Seton to obtain her tax return, for 2019.

• Fisher shall produce any applications for employment she submitted from November 15, 2017 to March 2018.

• Fisher shall provide Seton with the specific records set out above from Texas Orthopedics and Evins Medical Staffing, or shall otherwise facilitate Seton obtaining those records directly from these entities.

• Fisher shall provide the above no later than 30 days from the date of this order.

In all other respects, Seton's Motion to Compel (Dkt. No. 20) is **DENIED.**  Seton's request for attorneys' fees and expenses is also **DENIED.**

Lastly, the Court **ORDERS** the case to be **RETURNED** to the District Court as there are no further motions pending before the undersigned.

SIGNED this 12th day of May, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE