

# Texas Workforce Commission
# Appeal Tribunal

**TWC Building**
**Austin, Texas 78778**

<u>01-30-2018</u>
Date Mailed

**CLAIMANT:**

MELYNDA M. FISHER
1507 RIDGEHAVEN DR
AUSTIN TX  78723-2530

| | |
|---|---|
| Appeal No. | <u>2238014-1-1</u> |
| S.S. No. | <u>XXX-XX-2614</u> |
| I. C. Date | <u>11/12/2017</u> |
| Appeal Filed By: | <u>Employer</u> |
| Date Appeal Filed: | <u>12/21/2017</u> |

**Notice:** The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision. The last day on which you may file an appeal is <u>**02-13-2018**</u>. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

**Appearances:**

| Date/Location | For Claimant | For Employer |
|---|---|---|
| 01/29/2018<br>Telephone | NONE | KENDALL SHARP,<br>Manager<br><br>ELAINA ROJO,<br>HR Advisor |

EMPLOYER:    PI: <u>X</u>    NPI: ___    Account No. <u>99-995602-5</u>

ASCENSION HEALTH MINISTRY SERVICE
% TALX UC EXPRESS
PO BOX 283
SAINT LOUIS MO 63166-0283

**Plaintiff's Exhibit 1**

A-1ATE (907) DATES ARE SHOWN AS <u>MONTH, DAY, & YEAR.</u>

FISHER 000092

TEXAS WORKFORCE COMMISSION  Appeal Tribunal Decision          Appeal No.:  2238014-1-1
                                                               Page No:    2

**CASE HISTORY:** A determination dated December 7, 2017 approved the claimant's claim for the payment of benefits without disqualification under Section 207.044 of the Texas Unemployment Compensation Act. The employer appealed.

The employer will be billed.

**ISSUES:** The issues in this case include:

Whether the claimant separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether benefits paid to the claimant which are based on wages from this employer shall be billed to the employer.

Whether the employer provided an adequate and timely response to the Notice of Application for Unemployment Benefits and whether the employer has established a pattern of failing to respond adequately and timely to requests from TWC for information relating to claims for unemployment benefits.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of November 12, 2017, the claimant last worked from July 18, 2016, through November 15, 2017, as a medical assistant for the named employer, a healthcare business.

The claimant notified the named employer she would be taking FMLA for a personal illness. Later, when filing for FMLA with the named employer's third-party agent, the claimant stated the reason she was on FMLA was to take care of her ill mother. The claimant took care of her mother while the claimant was personally ill. The named employer discharged the claimant on November 15, 2017, for telling the employer she was going on FMLA because she was personally sick when she was actually taking care of her sick mother.

**CONCLUSIONS:** Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

Section 201.012 of the Act defines misconduct to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

The following decision has been adopted as a precedent by the Commission in Section **MC 15.20** of the Appeals Policy and Precedent Manual.

> Appeal No. 2770-CA-76. The claimant was absent from work a great deal due to personal reasons, but was not discharged until after an absence from work of four days, due to illness. This fact was supported by medical evidence. Her last absence for personal reasons had been more than two weeks before her illness and ensuing absence. HELD: Discharged but not for

| TEXAS WORKFORCE COMMISSION Appeal Tribunal Decision | Appeal No.: 2238014-1-1 |
|---|---|
| | Page No: 3 |

misconduct connected with the work. The claimant's discharge took place when it did because of an absence due to the claimant's own illness and an absence for reason of personal illness does not constitute misconduct connected with the work.

The above-cited precedent stands for the proposition that where a claimant is absent from work because of a personal illness, it is not considered misconduct connected to the work. In this case, the named employer provided no evidence that the claimant was not personally ill when she was absent on FMLA. The named employer could not provide any evidence that the claimant was out on FMLA both to take care of her own personal illness and to take care of her ill mother. Thus, in accordance with precedent, the employer did not meet its burden of persuasion by a preponderance of the evidence to show that the claimant's discharge was for work-connected misconduct. The claimant will be qualified for unemployment benefits under Section 207.044 of the Act beginning November 12, 2017. The determination dated December 7, 2017, allowing benefits without disqualification under Section 207.044 of the Act, will be affirmed.

Section 208.004 of the Act provides that a person who receives notice of the filing of an initial claim for benefits shall notify the Commission promptly of any facts known to the person that may adversely affect the claimant's right to benefits, or affect a charge to the person's account. Such notification, including an initial response to a notice mailed to the person under Section 208.002 of the Act, must include sufficient factual information to allow the commission to make a determination regarding the claimant's entitlement to benefits. Benefits paid to a claimant that are not in accordance with the final determination or decision shall be charged to the account of a person if, 1) the person, or the person's agent, without good cause, fails to provide adequate or timely notification; and 2) the commission determines that the person, or the person's agent, has failed to provide timely or adequate notification on at least two prior occasions. Notification is not adequate if the notification merely alleges that a claimant is not entitled to benefits without providing sufficient factual information, other than a general statement of the law, to support the allegation. Good cause is established only by showing that a person, or the person's agent, was prevented from complying due to compelling circumstances that were beyond the person's control.

Commission Rule 1, 40 TAC 815.1, states, in part:

(3) Adequate notification – A notification of adverse facts, including any subsequent notification, affecting a claim for benefits, as provided in the Act, Chapter 208.

    (A) Notification to the Commission is adequate as long as the employer or its agent gives a reason, supported by facts, directly related to the allegation raised regarding the claimant's right to benefits.

    (B) The employer or its agent may demonstrate good cause for failing to provide adequate notice. Good cause is established solely by showing that the employer or its agent was prevented from providing adequate notification due to compelling circumstances beyond the control of the employer or its agent.

    (C) Examples of adequate notification of adverse facts include, but are not limited to, the following:

FISHER 000094

TEXAS WORKFORCE COMMISSION  Appeal Tribunal Decision        Appeal No.:  2238014-1-1
                                                            Page No:      4

    (i) The claimant was discharged for misconduct connected with his work because he was fighting on the job in violation of written company policy.
    (ii) The claimant abandoned her job when she failed to contact her supervisor in violation of written company policy and previous warnings.

  (D) A notification is not adequate if it provides only a general conclusion without substantiating facts. A general statement that a worker has been discharged for misconduct connected with the work is inadequate. The allegation may be supported by a summary of the events, which may include facts documenting the specific reason for the worker's discharge, such as, but not limited to:

    (i) policies or procedures;
    (ii) warnings;
    (iii) performance reviews;
    (iv) attendance records;
    (v) complaints; and
    (vi) witness statements.

The issue of adequate response will not be addressed since the employer will remain liable for billing based on the claimant's job separation.

Section 205.013 of the Act provides that at the end of each calendar quarter the Commission shall bill each reimbursing employer for an amount equal to the amount of the regular benefits plus one-half (1/2) of the amount of the extended benefits paid during such quarter which are attributable to service in the employ of such employer, except that a state, a political subdivision of a state, or any instrumentality of any states or political subdivisions of a state, that is a reimbursing employer shall pay 100 percent of the extended benefits paid, and reimbursements shall be paid by the reimbursing employer to the Commission.

If a reimbursing employer pays a reimbursement to the commission for benefits paid to a claimant that are not in accordance with the final determination or decision under this subtitle, the employer is not entitled to a refund of, or credit for, the amount paid by the employer to the commission unless the employer has complied with the requirements of Section 208.004 with respect to the claimant.

Section 205.0125 of the Act, effective for claims dated September 1, 2015, and later, provides that notwithstanding any other provision of Chapter 205 of the Act, a reimbursing employer is not liable for paying a reimbursement for benefits paid to an individual, regardless of whether the employer was named as the individual's last work, if the individual's separation from work with the employer resulted from the individual being discharged for misconduct or voluntarily leaving work without good cause connected with the individual's work.

Since the claimant's separation from the employer's employment was not a discharge for misconduct connected with the work or a voluntary separation without good cause connected with the work, the employer will be billed for benefits paid to the claimant based on wages from this employer.

| | |
|---|---|
| **TEXAS WORKFORCE COMMISSION** Appeal Tribunal Decision | Appeal No.: 2238014-1-1<br>Page No: 5 |

**DECISION:** The determination dated December 7, 2017, allowing benefits without disqualification under Section 207.044 of the Act, is affirmed.

The employer will be billed.

T. ZAREMBA
Hearing Officer

tdz

FISHER 000096